UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80942-CIV-RYSKAMP/VITUNAC

RICHARD WAXMAN,

    Plaintiff,

v.

THE EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES,
now known as AXA ADVISORS, LLC,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court pursuant to Plaintiff's Motion to Remand, filed November 5, 2007 **[DE 4]**. Defendant responded on November 19, 2007 **[DE 10]**. This cause is also before the Court pursuant to Defendant's Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement, filed October 19, 2007 **[DE 2]**. Plaintiff responded on November 5, 2007 **[DE 5]**. Defendant replied on November 9, 2007 **[DE 8]**. These motions are ripe for adjudication.

Plaintiff originally filed this action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on August 2, 2007. Defendant was served with the Summons and a full copy of the Complaint on September 19, 2007. Defendant removed this action to this Court on October 12, 2007.

Plaintiff is a former insurance salesperson for Defendant. The Complaint purports to allege claims for breach of contract, breach of an oral agreement, quantum meruit, specific performance and breach of implied contract to provide services, ancillary resources and benefits.

Each of these claims is supported by 39 paragraphs of general allegations as well as numerous paragraphs of specific allegations within each claim. The Court will not spell out the nature of this action in a detailed fashion because the Complaint itself fails to do so.

The Complaint's general allegations and the specific allegations are an indecipherable hodgepodge of facts and legal theories. For example, in his general allegations, Plaintiff alleges, *inter alia*, that Defendant denied him support services necessary for the production of commissions and production credits, denied him disability insurance benefits and medical insurance benefits, began to charge him under a POP plan to induce him to resign, lost the paperwork for the replacement of a security device Plaintiff needed to access relevant computer files, changed his status to that of a broker, which disentitled him to major medical insurance, life insurance, disability insurance, dental insurance, pension benefits, and Social Security, improperly ceased making Federal Insurance Contributions Act ("FICA"), 26 U.S.C. § 3101-3128, deductions from his paycheck, willfully lied to Plaintiff in reference to renewal and service fees, and imposed additional production requirements on Plaintiff without consideration. Plaintiff incorporates all 39 paragraphs of his general allegations into each of his six claims.

Additionally, beginning with Count II, Plaintiff "incorporates and realleges" not only all of his general allegations, but all of the specific allegations that proceed Count II, i.e., all the specific allegations and Count I. The same is true of Counts III, IV and V.

The Complaint thus violates both Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Rule 10(b) requires that "[i]f so doing would promote

clarity, each claim founded on a separate transaction or occurrence... must be stated in a separate count or defense."

Here, the Complaint commingles virtually every claim and factual allegation, rendering it difficult to comprehend.  The Eleventh Circuit has frowned on such "shotgun pleading," as it prevents defendants from understanding the nature of their alleged wrongdoing, thereby preventing them from forming reasonable responses to the allegations.  See Beckwith v. Bellsouth Telecommunications, Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'") (citation omitted); Sikes v. Teleline, Inc., 281 F.3d 1350, 1355 n.9 (11th Cir. 2002) ("[P]laintiff's complaint is yet another example of what we have often criticized as 'shotgun pleadings,' where each count 'incorporates' all of the preceding paragraphs and counts.  We have harshly criticized such shotgun pleadings in the past, and we repeat our displeasure with this type of complaint now.").  Defendant is entitled to a Complaint containing specific allegations of its alleged wrongdoing separated into individual counts.

The motion to remand is improper as Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1001 *et seq.*  ERISA is the exclusive source of substantive law applicable in disputes relating to employee benefit plans, superceding all state law claims.  See 29 U.S.C. § 1144(a) ("[T]he provisions of this subchapter . . . shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) . . . ."); Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96, 103 S.Ct. 2890, 2899-2900 (1983) ("The breadth of [29 U.S.C. § 1144(a)'s] pre-emptive reach is apparent from that section's language."); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-

4

46, 107 S.Ct. 1549, 1552 (1987) ("the express pre-emption provisions of ERISA are deliberately expansive").  The Complaint in this action contains claims for relief that, although characterized as state tort and contract claims, relate to group medical insurance and other arrests-governing benefits plans.  Plaintiff claims that Defendant wrongfully denied him benefits under his medical insurance, life insurance, dental insurance and pension benefit plans.  Such claims are clearly governed by ERISA.  See Amos v. Blue Cross-Blue Shield, 868 F.2d 430, 431 (11th Cir.1989) (ERISA preempts claim for bad faith denial of benefits, breach of contract and fraud); First Nat'l Life Ins. Co. v. Sunshine-Jr. Food Stores, Inc., 960 F.2d 1546, 1549-50 (11th Cir. 1992) (ERISA preempts claims for mishandling of payments and noncompliance with policy terms); Swerhun v. Guardian Life Ins. Co., 979 F.2d 195, 198-99 (11th Cir. 1992) (ERISA preempts breach of contract and bad faith claims).  Whether the notice of removal fleshes out the particulars of the ERISA preemption doctrine is immaterial to the doctrine's applicability.[1]  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement, filed October 19, 2007 **[DE 2]** is GRANTED.  Plaintiff shall submit a more definite statement of his claim within fifteen (15) days of the date of this Order.  It is further

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand, filed November 5, 2007 **[DE 4]**, is DENIED.

---

[1] Plaintiff's FICA claim also confers federal question jurisdiction and make this case properly removable.  Plaintiff alleges that Defendant unilaterally decided to deduct FICA payments from his compensation and refused to make any FICA contributions on his behalf.  Plaintiff incorporated these allegations into every count of his Complaint.  The numerous assertions throughout this Complaint that Defendant improperly refused to make FICA payments creates federal jurisdiction question and therefore makes this case, removable under 28 U.S.C. § 1331 and 1441.

5

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 4th day of March, 2008.

                                        S/ Kenneth L. Ryskamp
                                        KENNETH L. RYSKAMP
                                        UNITED STATES DISTRICT JUDGE