UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80942-CIV-RYSKAMP/VITUNAC

RICHARD WAXMAN,

      Plaintiff,

v.

THE EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES,
now known as AXA ADVISORS, LLC,

      Defendant.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM ORDER PURSUANT TO RULE 60

THIS CAUSE comes before the Court pursuant to Plaintiff's Motion for Relief from

Order Pursuant to Rule 60, filed April 9, 2008 **[DE 16]**.  Defendant responded on April 23, 2008

**[DE 18]**.  Plaintiff replied on May 5, 2008 **[DE 19-22]**.  This motion is ripe for adjudication.

On March 4, 2008, the Court denied Plaintiff's Motion to Remand and granted

Defendant's Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement.  The

Court ordered Plaintiff to submit a more definite statement within 15 days of the date of that

Order.  As of April 7, 2008, the Court had not received an Amended Complaint.  Accordingly,

the Court on April 7, 2008 dismissed the above-styled case without prejudice.

Plaintiff now seeks relief pursuant to Fed.R.Civ.P. 60(b)(1), requesting that the Court or

reopen this matter to allow Plaintiff to file an Amended Complaint.  The standard for relief

pursuant to Fed.R.Civ.P. 60(b)(1) is "excusable neglect" by counsel.  The Rule provides in

pertinent part:

2

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect...

Whether neglect is excusable depends on "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993).

Plaintiff's counsel, a sole practitioner who allegedly is not technologically savvy, relies upon her secretary to review and print e-mails and docket deadlines. Apparently, counsel's secretary did not advise counsel of the March 4, 2008 Order. Plaintiff's counsel also represents that this is the first case in which she has represented a client in federal court and, accordingly, was unsure as to how to proceed.

Lack of technological expertise or unfamiliarity with Federal Court procedure does not establish excusable neglect. See Dimmitt v. Ockenfels, 220 F.R.D. 113, 114-15 (D. Me. 2004) (failure to establish excusable neglect based upon "inexperience with the requirements of the District Court and unfamiliarity with the Local Rules," the fact that counsel had not appeared in a civil case before the court "for several years," and counsel's alleged "extreme difficulties" in "perfecting" his participation in the court's electronic filing system and "the speed of the system compared to that of the State Court system to which [sic] he is intimately acquainted"). Although Plaintiff's counsel may prefer to delegate the task of checking e-mail and calendaring deadlines to her secretary, Plaintiff's counsel has a responsibility to check the docket. See Armstrong v. The Cadle Co., Case No. 05-60359-CIV-COHN (April 3, 2006) (a party has "the ability and responsibility" to check the docket and "[f]ailure to do so does not constitute

excusable neglect"). Importantly, Plaintiff's motion for relief even acknowledges that his counsel's failure to comply with the March 4, 2008 order was "due to inexcusable neglect...."

Furthermore, the failure to check the docket has unduly delayed the progress of this action, thereby prejudicing Defendant. Plaintiff asserts that he "has always been willing to file an Amended Complaint if required by this Court, and that his "reluctance to do so voluntarily was based upon...uncertainty as to whether this case would be remanded." This assertion notwithstanding, the Motion for Relief does not include a Proposed Amended Complaint or any other indication that Plaintiff can overcome the shortcomings of his initial Complaint now that the Court has denied the motion to remand. Thus, in requesting that the Court vacate its April 7, 2008 Order, Plaintiff in essence seeks a further extension of time to file an Amended Complaint. Accordingly, granting Plaintiff's motion will be prejudicial to Defendant. See In re World Wide Web Systems, Inc., 328 F.3d 1291, 1297 (11th Cir. 2003) (holding that because excusable neglect is an equitable determination that takes into account all relevant circumstances, prejudice to the nonmovant need not be "particularly pronounced" to deny a motion for relief) (citations omitted). It is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Relief from Order Pursuant to Rule 60, filed April 9, 2008 **[DE 16]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 9 day of May, 2008.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE